THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESTER H. PATTERSON and MERILEE G. PATTERSON, and the marital community comprised thereof,<br><br>      Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA (as successor to Countrywide Home Loans, a mortgage lender),<br><br>      Defendant. | No.  C11-155Z<br><br>ORDER |

THIS MATTER comes before the Court on defendant Bank of America's ("BofA") motion to dismiss, docket no. 6.  Having reviewed the papers filed in support of, and opposition to, BofA's motion, the Court GRANTS the motion.

I. **BACKGROUND**

Plaintiffs Lester H. Patterson and Merilee G. Patterson (collectively the "Pattersons") own the real property located at 1108 South 296th Place, Federal Way,

Washington, 98003 (the "Property").  Compl. at ¶ 2, docket no. 1.  On January 8,

2008, the Pattersons refinanced their existing mortgage on the Property with two new

loans from BofA.[1]  Id. at ¶¶ 6-7.  The Pattersons borrowed $341,000.00 on the first

loan and $15,000.00 on the second loan.  Id. at ¶ 6.  The loans were secured by two

deeds of trust on the Property, which were also executed on January 8, 2008.  Id. at

¶ 8.

On November 1, 2010, the Pattersons obtained a forensic loan analysis that

purportedly showed that BofA failed to provide all of the disclosures mandated by the

Truth in Lending Act ("TILA") in connection with the refinancing.  Id. at ¶¶ 23-30,

33-35, 37.  On November 5, 2010, the Pattersons sent BofA two rescission notices

pursuant to TILA.  Id. at ¶ 39.  In the notices, the Pattersons demanded that BofA

rescind the loans, release its security interest in the Property, and return the closing

costs paid by the Pattersons.[2]  M. Patterson Decl., Exs. 4-5, docket no. 10.  In

---

[1] BofA is the successor-in-interest to Countrywide Home Loans ("Countrywide").  Id.
at ¶ 4.  For purposes of the present motion, the Court refers to BofA and Countrywide
collectively as "BofA."

[2] The Court takes judicial notice of documents attached as exhibits to the declaration
of Merilee Patterson, docket no. 10, including the rescission letters sent by the
Pattersons to BofA.  See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025,
1030-31 (9th Cir. 2008) (holding that the court "may generally consider only
allegations contained in the pleadings, exhibits attached to the complaint, and matters
properly subject to judicial notice . . ." when ruling on a motion to dismiss) (internal
quotation and citation omitted); see also Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th
Cir. 1995) (holding that courts may consider documents outside the pleadings in
connection with a motion to dismiss if the documents are referenced in the complaint).

exchange, the Pattersons offered to tender the Property to BofA by way of a quitclaim deed.  Id.

BofA did not comply with the Pattersons' demands.  Compl. at ¶ 45, docket no. 1.  Instead, on December 10, 2010, BofA sent the Pattersons a letter, rejecting their rescission claim.  Id. at ¶ 52.  The Pattersons filed the present lawsuit on January 27, 2011.  See id.

## II.   DISCUSSION

All of the Pattersons' claims arise out of two events:  (1) the alleged failure by BofA to provide the Pattersons with proper disclosures at closing;[3] and (2) BofA's allegedly wrongful refusal to rescind the loans in November 2010.[4]

### A.   Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[3] The Pattersons allege that the failure to provide disclosures entitles them to relief on their claims for breach of contract (First Cause of Action), violation of the Real Estate Settlement Procedures Act ("RESPA")(Second Cause of Action), violation of TILA (Third Cause of Action), declaratory judgment (Fourth Cause of Action), violation of the Equal Credit Opportunity Act ("ECOA") (Eighth Cause of Action), and fraud (Ninth Cause of Action).

[4] The Pattersons allege that BofA's refusal to rescind entitles them to relief on their claims for quiet title (Fifth Cause of Action), slander of title (Sixth Cause of Action), violation of the Fair Debt Collection Practices Act ("FDCPA") (Seventh Cause of Action), and violation of Washington's Consumer Protection Act ("CPA") (Tenth Cause of Action).

that the defendant is liable for the misconduct alleged.  Id.  The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).  If the Court dismisses the complaint, or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.      The Pattersons' Withdrawn Claims are Dismissed**

The Court DISMISSES the following claims with prejudice because the Pattersons have voluntarily withdrawn them, see Resp. at 6-7, 13, docket no. 8, in response to BofA's motion to dismiss:  breach of contract (First Cause of Action), RESPA (Second Cause of Action), slander of title (Sixth Cause of Action), FDCPA (Seventh Cause of Action), ECOA (Eighth Cause of Action), and fraud (Ninth Cause of Action).

**C.      The Pattersons' TILA Claim is Dismissed**

BofA argues that the Pattersons' TILA claims are barred by TILA's statute of repose, or alternatively, by the Pattersons' failure to tender the proceeds of the loans in connection with the rescission notices.

1.      The Pattersons' Rescission Claim is Barred by TILA's Three-Year Statute of Repose

Under TILA, if a lender fails to make certain disclosures to a borrower, the borrower has a right to rescind the loan within three days.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3).  If the lender fails to provide the borrower with two copies of

the notice of right to rescind, in the form set forth in 12 C.F.R. § 226.23(b), the

borrower's right to rescind is extended to three years.[5]  12 C.F.R. § 226.23(a)(3); see

also 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years

after the date of consummation of the transaction.").  The three-year period set forth in

the statute has been construed as a statute of repose.  Miguel v. Country Funding

Corp., 309 F.3d 1161, 1164 (9th Cir. 2002).  Accordingly, courts lack subject matter

jurisdiction when a section 1635 TILA claim is brought outside the three-year period

of repose, which represents an "absolute limitation on rescission actions."  Id.

The Pattersons consummated the loan transaction with BofA on January 8,

2008, but failed to bring their claim for rescission in this Court until January 27, 2011,

more than three years later.  The Pattersons contend that their rescission claim is not

barred because they sent the rescission notices to BofA in November 2010, less than

three years after consummating the loan transaction.

---

[5] BofA contends that the Pattersons received the notice of right to rescind, and
therefore, they were obligated to rescind the transaction within three days, not three
years.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3).  In support of this contention,
BofA submits copies of the notices of right to rescind, signed by the Pattersons.  See
Downs Decl., Exs. C-D, docket no. 7.  The notices are outside the pleadings, and
cannot be considered by the Court in determining BofA's motion to dismiss unless the
Court construes the motion as a motion for summary judgment.  Fed. R. Civ. P. 12(d).
Moreover, even if the notices were properly before the Court for consideration, a
signed notice of rescission creates only a rebuttable presumption of delivery of the
required disclosures.  15 U.S.C. § 1635(c).  The Pattersons submit evidence that BofA
delivered blank notices, rather than the required completed disclosures.  M. Patterson
Decl., Exs. 2-3, docket no. 10.  Thus, even if the Court were to construe BofA's
motion as a motion for summary judgment, the blank notices are sufficient to generate
a genuine issue of material fact about the delivery of the notices that would preclude
entry of judgment in favor of BofA.

However, a borrower's rescission notice does not automatically invalidate a lender's security interest.  <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1172 (9th Cir. 2003).  Rather, under the statute and regulation, the security interest becomes void only when the consumer "rescinds" the transaction.  <u>Id.</u>  "In a contested case, this happens when the right to rescind <u>is determined in the borrower's favor</u>."  <u>Id.</u> (emphasis added).  For this reason, the Ninth Circuit has held that the failure to bring a lawsuit to enforce a section 1635 rescission claim within three years results in an "absolute limitation on rescission actions."  <u>Miguel</u>, 309 F.3d at 1164.

Accordingly, as this is a contested case, the Pattersons did not "rescind" the loans until they brought an action to enforce their rights.  <u>See id.</u>; <u>see</u> <u>also</u> 12 C.F.R. pt. 226, Supp. 1 at 484 (2007) ("Where a consumer's right to rescind is contested by a creditor, a court would normally determine whether the consumer has a right to rescind.").  The Pattersons' failure to do so within TILA's three-year period of repose is an absolute limitation on their TILA rescission claim.[6]

2.    <u>In the Alternative, the Pattersons' TILA Rescission Claim is also Barred by their Failure to Tender</u>

If the borrower sends a timely notice of rescission to the lender, TILA and its supporting regulations provide that the lender's security interest becomes void, and the lender is obligated to take all necessary steps to invalidate the security interest and return the borrower's closing costs within twenty days.  12 C.F.R. § 226.23(d).  The borrower is then obligated to tender the proceeds of the loan back to the lender.  <u>Id.</u>

---

[6] The Pattersons' damages claim is also barred by TILA's one-year limitations period on damages claims.  <u>See</u> 15 U.S.C. § 1640(e).

However, the sequence of rescission set forth in the statute and governing regulations "need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrower's tender of proceeds." Yamamoto, 329 F.3d at 1171. To the contrary, "the trial judge has discretion to condition rescission on tender by the borrower of the property he had received from the lender." Id.

The Pattersons argue Yamamoto does not require tender, and that there is a split among district courts as to whether it is proper for a district court to require a plaintiff to allege the ability to tender at the pleading stage. However, all of the courts in this district that have addressed the issue, including this Court, have concluded that it is proper for the district court to dismiss a TILA claim if the plaintiff has not alleged a present ability to tender the proceeds of the loan back to the lender. See ING Bank, FSB v. Korn, 2009 WL 1455488 at *1 (W.D. Wash. 2009) (Zilly, J.); Abarquez v. Onewest Bank, FSB, 2011 WL 1459458 (W.D. Wash. 2011) (Lasnik, J); McGinley v. Am. Home Mortg. Serv., 2010 WL 4065826 (W.D. Wash. 2010) (Bryan, J.); Galyean v. Onewest Bank, FSB, 2010 WL 5138396 (W.D. Wash. 2010) (Pechman, J). Moreover, the Ninth Circuit has held that "rescission should be conditioned on repayment of the amounts advanced by the lender." Yamamoto, 329 F.3d at 1171 (emphasis in original) (citing LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1976)).[7]

---

[7] Even one of the cases cited by the Pattersons holds that dismissal of the complaint is warranted where the plaintiffs have not alleged the ability to tender the proceeds of the loan back to the lender. Avina v. BNC Mortg., 2009 WL 5215751 (N.D. Cal. 2009).

In the alternative, the Pattersons contend that they satisfied TILA's tender requirement by offering to turn over the Property to BofA in lieu of cash.  The Pattersons argue that TILA permits tender of alternative property when return of the original property would be impractical or inequitable.  See 15 U.S.C. § 1635(b).  The Pattersons rely heavily on two cases[8] in support of their contention that a borrower may tender alternative property:  Shepeard v. Quality Siding & Window Factory, 730 F. Supp. 1295 (D. Del. 1990); Mayfield v. Vanguard Sav. & Loan Ass'n, 710 F. Supp. 143 (E.D. Pa. 1989).  In Shepeard, however, instead of money, the lender provided the plaintiff with construction siding, which was subsequently installed on the plaintiff's home.  Shepeard, 730 F. Supp. at 1307.  As it would be impracticable to remove and return the siding, the court permitted the plaintiff to tender the reasonable value of the siding in lieu of the siding itself.  Id.  In Mayfield, the court did not permit the plaintiff to tender alternative property; rather, it simply altered the timing of the repayment terms.  Mayfield, 710 F. Supp. at 149.  These cases do not apply here, where the Pattersons seek to tender real property in lieu of cash.  The Pattersons provide no authority for their contention that substitution of real property in lieu of the cash advanced by BofA is appropriate.  Conversely, the supplement to TILA's regulations indicates that, where the lender advances money, the borrower must tender back cash,

---

[8] The Pattersons also cite to a number of other cases, but fail to provide proper citations, or copies of the cases for the Court's review.  See Resp. at 10-12, docket no. 8.  Accordingly, the Court cannot confirm whether the authorities stand for the propositions for which they are cited.  As none of the cases appear to be controlling authority, the Court has not reviewed or considered them.

rather than alternative forms of property.  12 C.F.R. pt. 226, Supp. 1 at 484 (2007) (noting that in contrast to repayment for the delivery of lumber or fixtures, "money already given to the consumer <u>must</u> be tendered at the creditor's place of business.") (emphasis in original).[9]  Accordingly, in the alternative, the Pattersons' TILA rescission claim is also barred by the Pattersons' failure to allege the ability to tender, and the Court GRANTS BofA's motion to dismiss that claim.

Generally, dismissal without prejudice is the appropriate result for failure to allege tender.  <u>See</u> <u>e.g.</u>, <u>ING Bank, FSB</u>, 2009 WL 1455488 at *1.  However, even if the Pattersons were to now send out proper rescission notices that offer to tender the loan proceeds back to BofA, any rescission would be barred by TILA's three-year statute of repose.  As a result, the Pattersons cannot allege timely, proper tender, and the deficiencies in the complaint cannot be cured by amendment.  Accordingly, the Court DISMISSES the Pattersons' TILA claims (Third Cause of Action) with prejudice.  <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.</u>, 806 F.2d 1393, 1401 (9th Cir. 2004) (holding that leave to amend should be denied if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

---

[9] Moreover, even if the Pattersons could tender alternative property, the Pattersons do not allege that the value of the Property is reasonably equivalent to the money that was advanced by BofA.

**D.    The Pattersons' Claims for Declaratory Judgment, Quiet Title, and Violation of the CPA are Dismissed**

The Pattersons' remaining three claims are all predicated on the viability of their TILA claim.  See Resp. at 13, docket no. 8.  Specifically, all three claims are necessarily dependent upon a finding that the Pattersons' TILA rescission notice was timely, valid, and wrongfully rejected by BofA.  The Pattersons' TILA claim is not viable, however, and therefore, the Court GRANTS BofA's motion and DISMISSES with prejudice the Pattersons' claims for declaratory judgment (Fourth Cause of Action), quiet title (Fifth Cause of Action), and violation of the CPA (Tenth Cause of Action).

**III.    <u>CONCLUSION</u>**

For the foregoing reasons, the Court GRANTS BofA's motion to dismiss, docket no. 6, and DISMISSES the Pattersons' claims with prejudice.

IT IS SO ORDERED.

DATED this 13th day of May, 2011.

Thomas S. Zilly
United States District Judge